UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23924-CIV-ALTONAGA/Simonton

**KATHLEEN MCLAREN**,

    Plaintiff,

vs.

**CELEBRITY CRUISES, INC.**,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Defendant, Celebrity Cruises, Inc.'s ("Defendant[']s" or "Celebrity[']s") Motion to Dismiss . . . ("Motion") [ECF No. 24], filed on March 26, 2012. Plaintiff, Kathleen McLaren ("Plaintiff" or "McLaren"), filed a Complaint [ECF No. 1] dated November 1, 2011 against Celebrity and Explora Caribe Tours, S.a. de C.V. ("Explora"). The Complaint contains two claims against Celebrity: one claim for negligent selection, negligent retention and failure to warn (Count One); and one claim of negligent misrepresentation (Count Two); and one claim against Explora for negligence (Count Three). On February 27, 2012, Explora was dismissed from the case without prejudice. (*See* Am. Ord. of Dism. [ECF No. 15]). Celebrity seeks to dismiss the two claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. 1). Plaintiff filed a Response . . . ("Response") [ECF No. 27] to the Motion on April 12, 2012, to which Defendant replied ("Reply") [ECF No. 28] on April 23, 2012.

The Court has carefully considered the parties' written submissions and applicable law.

## I. BACKGROUND[1]

McLaren is a resident of the State of Florida, and was a fare-paying passenger aboard Celebrity's cruise ship, the Celebrity Equinox ("Equinox"), at the time of her injury. (*See* Compl. ¶¶ 1, 7). Celebrity is a foreign corporation licensed to do business in Florida as a cruise line. (*See id.* ¶ 3). Celebrity's base of operations is in Miami, Florida. (*See id.*). Explora is a foreign corporation that operates snorkel tours in Mexico, and whose principal place of business is Cozumel, Mexico. (*See id.* ¶¶ 2, 5). Plaintiff's injury is alleged to have been caused by Celebrity's negligence through its policies and procedures established at its headquarters in Miami, and in combination with the operation of a snorkel tour conducted by Explora in Cozumel, Mexico. (*See id.* ¶ 6).

### A.   Celebrity and Explora

Celebrity is engaged in the business of providing a cruise vacation experience to the public. (*See id.* ¶ 12). Part of this experience is the cruise passenger's participation in shore excursions that are sold through the internet and on board the cruise ship. (*See id.*). Celebrity promotes, vouches for, and advertises these tours in its literature and on its web site. (*See id.*) Celebrity also conducts shore excursion talks with passengers on board the cruise ship that highlight and tout the shore excursions. (*See id.*).

Celebrity selected Explora to be the operator of a snorkel tour in Cozumel that was offered to Celebrity's passengers. (*See id.* ¶ 15). Explora entered into a contract in Miami with Celebrity to provide the tour, wherein Explora agreed to be sued in this district and agreed to indemnify and hold Celebrity harmless from any loss or damage incurred in conducting the snorkel tours in Mexico. (*See id.* ¶ 5). Explora and Celebrity shared in the revenue collected by Celebrity for the tour, with most of the revenue going to Celebrity. (*See id.* ¶ 15). Explora's

---
[1] The facts are taken from the Complaint.

employees, agents or servants were not properly trained or experienced. (*See id.* ¶ 19(a)).

**B.     The Accident**

On November 15, 2010, McLaren began her cruise on the Equinox. (*See id.* ¶ 8). While on the ship, Celebrity employees promoted, vouched for, recommended, and sold Plaintiff a snorkeling tour called the "Three Reef Snorkel" (the "snorkel tour") in Cozumel.[2] (*See id.*). Those employees organized the excursion and took payment from passengers, including Plaintiff, charging the cost of the tour to their onboard charge accounts. (*See id.* ¶ 16).

At the time of the excursion, Celebrity made an announcement on the ship and directed passengers, including McLaren, to the Explora tour boat. (*See id.*). The tour boat was a small vessel that was affected by wave action and by the wakes of other vessels passing by. (*See id.* ¶ 19(h)). To load onto the tour boat, snorkel tour participants had to step off a dock; however, there was no gangway or ramp to use. (*See id.* ¶ 20). Moreover, no instructions were given to passengers as to how to safely embark and disembark the tour boat, and the tour employees were inattentive during the embarkation and disembarkation process. (*See id.* ¶¶ 19(d), (f)). Embarking and disembarking seagoing vessels, such as the tour boat, is an inherently dangerous activity that carries with it a risk of serious bodily harm and death. (*See id.* ¶ 9).

McLaren, along with the other excursion passengers, loaded onto the tour boat and went on the snorkel tour. Upon returning, the passengers were directed to disembark from the tour boat by stepping onto the dock. (*See id.* ¶ 20). Only one Explora employee was assigned to assist the passengers in this process. (*See id.*). At the time of disembarkation, the boat was bobbing up and down in the water, and the tour boat was improperly tied to the dock. (*See id.* ¶¶

---

[2] Although the Complaint originally alleged that the cruise ticket itself "represented to Plaintiff that ' . . . great care has been taken to offer the finest excursions available at each port . . .' or substantially similar language" (Compl. ¶ 13), Plaintiff now concedes that the ticket contains no such representation (*see* Resp. 9 n.4).

19(g), 20). The Explora employee specifically instructed Plaintiff to step forward onto the dock with one foot while her other leg was still on the boat, and then instructed her to step forward with her other leg. (*See id.* ¶ 20). As Plaintiff did so, the boat dropped down in the water and Plaintiff could not reach the dock with her right leg, causing her to fall in between the boat and the dock with her left leg hanging down from the dock. (*See id.*). As a result of the accident Plaintiff suffered severe injuries. (*See id.*).

After sustaining her injuries, McLaren's husband signed a release in order for McLaren to receive medical care. (*See id.* ¶ 19(e) n.1). Explora had a policy and procedure of forcing passengers to sign waivers or releases after an injury occurred before it would offer medical assistance. (*See id.* ¶ 19(e)). McLaren's husband signed under duress and did not have Plaintiff's express or implied permission or consent to sign the release. (*See id.*).

**C.      Legal Claims**

Based upon her injuries, Plaintiff filed this suit. Count One alleges negligent selection, negligent retention, and failure to warn by Celebrity. Count One alleges Celebrity made specific representations to Plaintiff to induce her to purchase the snorkel tour, including that great care had been taken to select the finest tour possible. (*See id.* ¶ 22). Celebrity owed Plaintiff a duty of reasonable care in the circumstances in selecting and/or monitoring the shore excursion tours it sold. (*See id.* ¶ 23). Celebrity breached its duty by failing to use reasonable care, or in the alternative great care, which it had assumed to do, in selecting the tour with respect to the quality, training, and experience of Explora employees. (*See id.* ¶¶ 24(a), (b)). Celebrity failed to properly and safely warn Plaintiff of the dangers of, and the conditions under which, the tour would be conducted, including the fact that there was no safe means of ingress or egress during embarkation and disembarkation, which Celebrity knew or should have known about, but which

Plaintiff could not have known using reasonable care. (*See id.* ¶ 24(c)). Celebrity failed to use reasonable care in the circumstances in selecting and/or monitoring the tour on which Plaintiff was injured. (*See id.* ¶ 24(d)). Celebrity failed to adequately train its employees in how to properly select a shore excursion tour which involved an inherently dangerous activity, or an activity which Celebrity knew or should have known through the use of ordinary care that other passengers had been, or could be, seriously injured in by having participated in similar tours. (*See id.* ¶ 24(e)). Celebrity failed to use reasonable care in investigating whether information it was given regarding the procedures and guides available by the tour operator was true. (*See id.* ¶ 24(f)). Celebrity failed to use reasonable care in requiring that the tour operator have reasonably safe procedures and trained and experienced guides or seamen available for the tour. (*See id.* ¶ 24(g)). Celebrity either created the dangerous conditions and/or the dangerous conditions existed for a sufficient period of time that Celebrity either had constructive or actual knowledge of them. (*See id.* ¶ 26). Celebrity's breach of its duty led to Plaintiff's injuries, notwithstanding that Plaintiff was acting with due care for her own safety. (*See id.* ¶¶ 27–28).

Count Two, for negligent misrepresentation, alleges Celebrity made representations of material fact to Plaintiff regarding the snorkel tour. (*See id.* ¶ 30). Those misrepresentations, specifically that "great care" had been taken to provide the "finest" shore excursion possible, or substantially similar language, were made in Celebrity's literature, on its web site, and by Celebrity employees on board the vessel, including during shore excursion talks. (*See id.* ¶ 31). Celebrity made these representations with the intent that passengers such as Plaintiff rely on them in choosing to go on the snorkel tour. (*See id.* ¶ 32). At the time the representations were made, Celebrity knew they were false. (*See id.* ¶ 33). Celebrity failed to use reasonable care in selecting the tour, let alone the great care or substantially similar language it had represented had

been taken. (*See id.*). McLaren relied on the representations, which caused her injuries notwithstanding that she was acting with due care for her own safety. (*See id.* ¶¶ 34–37).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in

a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.") (quotation marks and citation omitted). Finally, "[i]n alleging fraud or mistake," Federal Rule of Civil Procedure 9(b) requires that "a party . . . state with particularity the circumstances constituting fraud or mistake."

### III. DISCUSSION

In its Motion, Celebrity argues that Plaintiff's negligent selection and negligent retention claim should be dismissed because: (1) Plaintiff has failed to plead facts sufficient to support a duty, or in the alternative, Plaintiff has failed to allege the proper duty; and (2) Plaintiff has failed to plead facts sufficient to support a breach. Celebrity also argues the failure to warn claim should be dismissed because McLaren has failed to plead facts sufficient to support a duty. Finally, Celebrity argues the negligent misrepresentation claim should be dismissed because McLaren has failed to plead it with particularity. The Court addresses each argument in turn.

### A. Negligent Selection and Retention (Count One)

In Count One of the Complaint, Plaintiff brings claims of negligent selection and negligent retention against Celebrity.

"Though cruise ship owners . . . cannot be held vicariously liable for the negligence of an independent contractor, it is well-established that they may be liable for negligently hiring or retaining a contractor." *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011) (citing *In re Central Gulf Lines, Inc.*, 176 F. Supp. 2d 599, 622 (E.D. La. 2001)). To state a claim for negligent selection or negligent retention of an independent contractor, "a plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a

proximate cause of the plaintiff's injury." *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 73–74 (Fla. 5th DCA 2010) (citations omitted). "The only difference between negligent selection and negligent retention claims is 'the time at which the [principle] [sic] is charged with knowledge of the [contractor's] unfitness.'" *Smolnikar*, 787 F. Supp. 2d at 1318 n.7 (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). In other words, "[i]n a negligent selection claim, liability is premised upon the inadequate pre-selection investigation into the contractor's background," whereas "in a negligent retention claim, liability is founded upon a showing that, during the course of the contractor's employment, the principal was aware or should have been aware of problems evidencing the unfitness of the contractor, and failed to investigate or terminate the contractor." *Id.* (citing *Garcia*, 492 So. 2d at 438–39).

    1.    *Duty*

Celebrity first argues Count One should be dismissed because Plaintiff "does not allege any facts supporting" her "conclusory allegations" that Celebrity owed Plaintiff a duty to "'use great care in the circumstances,' and 'to use reasonable care in the circumstances in investigating whether information it was given regarding the procedures and guides available by the tour operator on which Plaintiff was injured was, in fact, true.'" (Mot. 4 (quoting Compl. ¶¶ 24 (b) and (f))). As far as the Court can tell, Celebrity appears to be arguing that Plaintiff has failed to allege the existence of a duty upon which negligent selection and negligent retention claims can be brought.

Under Florida law, the duty element of negligent selection and negligent retention claims requires a plaintiff to plead ultimate facts showing the contractor was hired "'to do work which will involve a risk of physical harm unless it is skillfully and carefully done . . . .'" *Suarez v. Gonzalez*, 820 So. 2d 342, 345 (Fla. 4th DCA 2002) (quoting RESTATEMENT (SECOND) OF TORTS

§ 411 (1965)); *see Davies*, 46 So. 3d at 73–74. The Restatement from which this rule is drawn further clarifies that the rule "applies to any activity which a contractor is employed to carry on at or near any place in which others have a privilege to be and which is not dependent upon the consent of the employer of the contractor." RESTATEMENT (SECOND) OF TORTS § 411 cmt. (d).

McLaren has clearly pleaded sufficient facts to support a duty upon which negligent retention and negligent selection claims can be brought. Plaintiff alleges that "[e]mbarking and disembarking seagoing vessels is an inherently dangerous activity that carries with it a risk of serious bodily harm and death." (Compl. ¶ 9). Accepting Plaintiff's allegations as true, Explora's "work" of operating a snorkeling tour, which involves the inherently dangerous activity of embarking and disembarking from a sea vessel, qualifies as the type of activity which "involve[s] a risk of physical harm unless skillfully and carefully done." *Suarez*, 820 So. 2d at 345 (citation omitted). Plaintiff has therefore properly alleged a duty.

Alternatively, Celebrity argues that the negligent selection and negligent retention claims should be dismissed because McLaren has improperly alleged the *content* of some of the duties she states she was owed by Celebrity. As Celebrity phrases it, Plaintiff's allegations that Celebrity owed Plaintiff the particular duties "to 'use great care in the circumstances which it had assumed to do;'" and 'to use reasonable care in the circumstances in investigating whether information it was given regarding the procedures and guides available by the tour operator on which Plaintiff was injured was, in fact, true;'" are "heightened duties," unsupported by "[g]eneral maritime law." (Mot. 10 (quoting Compl. ¶¶ 24 (b), (f))). This argument also fails to persuade. Having already found that McLaren properly alleges the existence of a duty, the Court will not dismiss Plaintiff's negligent selection and negligent retention claims because only some

of the allegations seek to impose heightened duties upon Celebrity.[3] Furthermore, "[t]he Court will not strike alleged duties from the Complaint[] in line-item fashion" either. *Holguin v. Celebrity Cruises, Inc.*, No. 10-20215-CIV, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010).

Plaintiff has pleaded sufficient facts to support the duty element of her negligent selection and negligent retention claims.

2. *Breach*

Assuming a duty is properly pleaded, Celebrity next asserts that the negligent selection and negligent retention claims should be dismissed because McLaren has failed to plead that Celebrity breached its duty. Specifically, Celebrity advances two arguments: (1) Plaintiff has failed to plead "that Celebrity failed to diligently inquire into the [sic] Explora's fitness" (Mot. 6 (citing *Smolnikar*, 787 F. Supp. 2d at 1319)); and (2) "Plaintiff has failed to allege actual facts which raise a reasonable inference that Celebrity was on notice . . . of the alleged defects." (Mot. 7 (citing *Iqbal*, 129 S. Ct. at 1949)).

Under Florida law, "[o]nce the existence of a duty is established, then a breach may be shown by proving the contractor possessed an incompetence or unfitness about which the employer knew or, in the exercise of reasonable care, should have known." *Davies*, 46 So. 3d at 74. There are two components to pleading this element: "'(1) the contractor was incompetent or unfit to perform the work; [and] (2) the employer knew or reasonably should have known of the particular incompetence or unfitness . . . .'" *Smolnikar*, 787 F. Supp. 2d at 1318 (quoting *id.* at 73–74).

Plaintiff has clearly alleged the first breach element — that Explora was either

---

[3] Indeed, Celebrity implicitly acknowledges that McLaren has properly alleged at least some duties when it notes that only a "majority of the alleged breaches . . . are premised on heightened duties . . . ." (Mot. 10). For the same reason the Court also rejects Celebrity's identical argument with respect to the failure to warn claim. (*See* Mot. 10–11).

incompetent or unfit to serve as a snorkeling tour operator. Specifically, she alleges the following misbehavior: Explora used a boat that was not well-suited suited for its purpose (*see* Compl. ¶ 19(h)); Explora failed to use a gangway or ramp for embarkation and disembarkation (*see id.* ¶ 20); Explora failed to provide instructions to passengers as to how to safely embark and disembark the tour boat (*see id.* ¶ 19(d)); the tour employees were inattentive during the embarkation and disembarkation process (*see id.* ¶ 19(f)); and the tour boat was improperly tied to the dock during the disembarkation process (*see id.* ¶ 19(g)). The foregoing particulars constitute sufficient factual content for the Court to infer what is otherwise undisputed: that Plaintiff has properly pleaded Explora's incompetence or unfitness to serve as a snorkeling tour operator.

Regarding the second breach element — that Celebrity knew or reasonably should have known of Explora's particular incompetence or unfitness — the parties disagree as to: (1) the proper standard that applies on a motion to dismiss for failure to properly plead the breach element; and (2) whether Plaintiff has in fact pleaded sufficient facts to meet the standard. With respect to the first issue, Celebrity argues, relying on *Smolnikar*, that in order to survive a motion to dismiss, Plaintiff must plead facts which affirmatively demonstrate "Celebrity failed to diligently inquire into Explora's fitness." (Mot. 6 (citing *Smolnikar*, 787 F. Supp. 2d at 1318–19); Repl. 3). Plaintiff disputes that the diligent inquiry analysis applied by the *Smolnikar* court is appropriate on a motion to dismiss given that *Smolnikar* involved a motion for summary judgment. (*See* Resp. 6). The Court agrees with Plaintiff.

In *Smolnikar*, the plaintiff, a cruise passenger, brought suit against the defendant, a cruise line, for harm suffered during an excursion run by a contractor in Montego Bay, Jamaica. *See Smolnikar,* 787 F. Supp. 2d at 1310. The defendant sought summary judgment on the plaintiff's

negligent selection and negligent retention claims. *Id.* In support, the defendant offered an array of facts revealing that the defendant had put the contractor through a rigorous review process, which included an analysis of the contractor's accident record, participant feedback, and industry reputation suggesting the contractor was competent. *See id.* at 1313. In resolving the dispute, the court first noted the duty element of negligent selection and negligent retention claims, which requires a showing that "'(1) the contractor was incompetent or unfit to perform the work; [and] (2) the employer knew or reasonably should have known of the particular incompetence or unfitness . . . .'" *Id.* at 1318 (quoting *Davies*, 46 So. 3d at 73–74). The court then observed that the second of the duty elements was at issue, and "[i]n determining whether . . . [the defendant] knew or reasonably should have known of . . . [the contractor's] alleged incompetence . . . the relevant inquiry is whether . . . [the defendant] diligently inquired into . . . [the contractor's] fitness." *Id.* at 1318–19 (citations omitted). Given that the undisputed facts demonstrated the defendant had diligently inquired into the contractor's fitness, the court granted defendant summary judgment on plaintiff's negligent selection and negligent retention claims. *Id.* at 1322.

A close reading of the *Smolnikar* decision reveals that the court's diligent inquiry analysis is simply a different way of articulating the second of the two duty elements — that the employer knew or reasonably should have known of the contractor's particular incompetence or unfitness — on a motion for summary judgment. For while a plaintiff bringing negligent hiring and/or negligent retention claims need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556), on a motion for summary judgment a defendant-employer can offer facts of its own which affirmatively prove it is not liable for the misconduct. And if a defendant-employer can offer facts showing it conducted a diligent inquiry into the

contractor's fitness and failed to discover anything alarming, then it cannot be said that the employer "should have known" of a particular unfitness. *See Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1374 (S.D. Fla. 2002) (noting on a motion for summary judgment that a cruise operator's duty to use reasonable care to select competent medical staff is "sufficiently fulfilled when the physician's fitness is diligently inquired into"); *Smolnikar,* 787 F. Supp. 2d at 1319 (quoting the "diligent inquir[y]" language from *Jackson* and applying it to a motion for summary judgment).

That a defendant can rebut a plaintiff's assertion that the defendant should have known of a contractor's particular unfitness on a motion for summary judgment by presenting facts proving it diligently inquired into the fitness of that contractor is a far cry from requiring a plaintiff to allege facts in her complaint that the defendant did not inquire into the contractor's fitness. *See Jackson*, 203 F. Supp. 2d at 1373–76 (noting that while the plaintiff's allegations that the defendant-cruise line failed to exercise reasonable care in the selection and hiring of a contractor were sufficient to survive a motion to dismiss, the defendant's uncontroverted facts presented in its motion for summary judgment, which revealed the defendant's rigorous contractor review procedures, supported judgment in favor of the defendant). Thus, to the extent that Celebrity is arguing that the *Smolnikar* analysis heightens a plaintiff's burden on a motion to dismiss, the Court disagrees. The appropriate legal standard for pleading the breach element, as the *Smolnikar* court itself noted, is whether an "employer knew or reasonably should have known of the [contractor's] particular incompetence or unfitness." *Smolnikar*, 787 F. Supp. 2d at 1318 (internal quotation marks and citation omitted).

Even assuming this is the standard, Celebrity argues that the allegations in the Complaint cannot meet it: Plaintiff has failed to allege facts "to support her conclusory claim that Celebrity

13

had . . . knowledge of the alleged dangerous conditions or defects in Explora's operation." (Mot. 6). More specifically, Celebrity disputes that Plaintiff has alleged facts "which raise a reasonable inference that Celebrity was on notice, actual or constructive, of the alleged defects." (*Id.* (citing *Iqbal*, 129 S. Ct. at 1949)). As such, Celebrity contends that Plaintiff is "impermissibly relying upon the mere fact that an accident occurred to support her negligent selection claim." (Mot. 7). Plaintiff disagrees, arguing that the "methodology deficiencies of the tour operator" were sufficient to place Celebrity on notice, and therefore to establish breach. (Resp. 6). Celebrity's argument fails to persuade.

As previously noted, McLaren has alleged a pattern of outwardly apparent misbehavior by Explora, including the use of an inappropriately-sized sea vessel, employing inexperienced shipmates, and maintaining improper operating procedures. (*See* Compl. ¶ 19). She further alleges "these dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions." (*Id.* ¶ 26). Plaintiff is not, as Celebrity otherwise suggests, simply "relying upon the mere fact that an accident occurred" to support her claims. (Mot. 7). More to the point, however, is Celebrity's failure to support its breach argument with anything other than conclusory assertions of its own. Although Celebrity reiterates its argument that the Complaint is "devoid of facts" (*id.* 6), "riddled with conclusory allegations" (*id.* 7), and "completely void [sic] and deficient of any factual allegations" (Repl. 3) to support the breach element, Celebrity fails to confront the Complaint's detailed allegations of outwardly apparent tour deficiencies. Given that the burden of persuasion is on Celebrity, the Court will not dismiss Plaintiff's claims of negligent selection and negligent retention based upon little more than sweeping generalizations and legal conclusions.

**B.      Failure to Warn (Count One)**

In Count I of the Complaint, Plaintiff also brings a failure to warn claim.  "[W]here a common carrier has a continuing obligation for the care of its passengers, its duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985) (citation omitted); *see Joseph v. Carnival Corp.*, No. 11-20221-CIV, 2011 WL 3022555, at * 2 (S.D. Fla. July 22, 2011) (quoting *id.*).  The duty to warn "encompasses only dangers of which the carrier knows, or reasonably should have known." *Carlisle*, 475 So. 2d at 251 (citation omitted).  "This duty extends throughout the length of the voyage, and does not cease at each port of call, only to resume when the passenger re-embarks." *Id.* (citation omitted).

Celebrity asserts that Plaintiff has failed to allege the breach of a duty upon which a failure to warn claim can be brought, relying on the decisions in *Koens* and *Joseph*.  (*See* Mot. 8–9 (citing *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215 (S.D. Fla. 2011); *Joseph*, 2011 WL 3022555)).  Plaintiff disagrees, arguing that she has properly alleged Celebrity had a duty to warn of "the need for safe means of ingress and egress when embarking and disembarking vessels on the ocean," which Celebrity breached when it failed to provide the required warning.  (Resp. 7).

In resolving whether the Complaint states a failure to warn claim, the *Koens* and *Joseph* cases Celebrity relies upon are instructive.  In *Koens*, plaintiff-cruise passengers brought suit against the defendant-cruise line for harm suffered during an excursion run by a third-party operator in Nassau, Bahamas.  *See Koens*, 774 F. Supp. 2d at 1218.  While visiting a nature preserve during their excursion, the plaintiffs were robbed at gunpoint.  *See id.*  Plaintiffs brought suit against the defendant, arguing that it had breached its duty to warn of known dangers.  *See*

*id.* at 1219. Specifically, plaintiffs argued that the defendant breached its duty to warn because it possessed "actual knowledge of crimes against tourists in Nassau, as a group of passengers on a Defendant-sponsored Nassau excursion were robbed at gunpoint approximately one month prior to the subject incident." *Id.* at 1220 (quotations omitted). The court disagreed, finding that such knowledge was insufficient to trigger a duty to warn. *See id.* The court reasoned that, in order to state a failure to warn claim under the circumstances, the plaintiffs would have needed to allege that the defendant knew, or should have known, of dangerous conditions specific to the excursion, or to the place where the robbery occurred. *See id.* Because they did not, the court dismissed the failure to warn claim. *See id.*

Similarly, in *Joseph*, plaintiff, the representative of a deceased cruise passenger, brought suit against the defendant-cruise line for a fatal accident that occurred while the decedent was parasailing with a third-party vendor in Cozumel, Mexico. *Joseph*, 2011 WL 3022555, at *1. The plaintiff brought a failure to warn claim, alleging the defendant "knew or should have known of prior deaths associated with the latent dangers of parasailing and that some of these deaths occurred in and around Cozumel." *Id.* at *3. The plaintiff further alleged that because of this knowledge, the defendant "had a duty to warn the decedent of the latent dangers of parasailing and a duty to instruct him on how to recognize such dangers." *Id.* The court found, like in *Koens*, that the plaintiff failed to allege facts sufficient to trigger a duty. *See id.* (citing *Koens*, 774 F. Supp. 2d at 1220).

The court reasoned as follows. First, the court found that the plaintiff failed to allege the defendant "knew or had reason to known of any incidents associated with the latent dangers of parasailing involving *the specific vendor* engaged by" the decedent — in fact, the plaintiff "d[id] not even identify the specific parasail vendor in her Second Amended Complaint or allege that . .

. [the defendant] knew such vendor existed." *Id.* Second, the plaintiff failed to allege the defendant "advised the decedent of the parasail vendor that the decedent ultimately selected," or "that the fatal parasailing excursion was sponsored or endorsed by . . . [the defendant] or that any agency relationship existed between . . . [the defendant] and the parasail vendor chosen by the decedent." *Id.* Finally, the court noted that while the plaintiff alleged there were "numerous theoretical conditions which may make parasailing hazardous as a general proposition, and that . . . [the defendant] had a duty to warn about all of them," the plaintiff failed to "allege that the decedent's accident was caused by any particular one of them." *Id.*

The reasoning underlying both the *Koens* and *Joseph* decisions confirms that McLaren has pleaded sufficient facts to support a failure to warn claim. The Complaint articulates the failure to warn claims as follows:

> Failing to properly and safely warn Plaintiff of the dangers of and the conditions under which the tour would be conducted, including the fact that there was no safe means of ingress or egress during embarkation and disembarkation, which Defendant knew or should have known about, having selected the tour, but which Plaintiff could not know using reasonable care.

(Compl. ¶ 24(c)). This allegation is supported by the same set of facts discussed earlier in the context of the negligent hiring and negligent selection claims: that Explora exhibited a pattern of misbehavior, which centered upon its poor embarkation and disembarkation practices. Unlike the plaintiffs in *Koens*, McLaren alleges that Celebrity owed a duty to warn based upon its knowledge of a dangerous condition specific to both the excursion involved and the place of the accident. *See Koens*, 774 F. Supp. 2d at 1220 ("Here, there are no allegations in either of the Complaints that . . . [the defendants] knew or should have known of dangerous conditions on either the . . . [third-party excursion] or on the grounds of . . . [the location where the third-party excursion took place].") And unlike the plaintiff in *Joseph*, McLaren alleges a "particular"

17

danger — the embarkation and disembarkation part of the snorkel tour — related to a "specific vendor," Explora, that was otherwise "endorsed" through Defendant's promotional literature and on-ship advertising. *Joseph*, 2011 WL 3022555, at *1. More generally, whereas *Koens* and *Joseph* dismissed failure to warn claims that were overly broad in scope, and not specific to the danger that caused the harms alleged, McLaren's failure to warn claim is both narrow and particular to the dangerous condition that caused her injury. As such, Plaintiff has alleged sufficient facts to support her allegation that the embarkation and disembarkation process constituted a danger that Celebrity either knew or should have known about, and owed Plaintiff a duty to warn about. *See Carlisle*, 475 So. 2d at 251.

**C.      Negligent Misrepresentation (Count Two)**

Count Two alleges a claim of negligent misrepresentation. "To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of a material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010) (citing *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004)). Celebrity argues Plaintiff's negligent misrepresentation claim should be dismissed because Plaintiff has failed to plead the elements of her claim with particularity. (*See* Mot. 11–12).

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Specifically, a Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks and citation omitted). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks and citation omitted).

With respect to the negligent misrepresentation claim, Plaintiff alleges Celebrity represented that "'great care' had been taken to provide the 'finest' shore excursion possible, or substantially similar language . . . in Defendant's literature, shore excursion talks held aboard the ship and in common areas on the ship, on its web site, and by Defendant's employees on board the vessel."[4] (Compl. ¶ 31). Celebrity asserts this claim must be dismissed, however, because McLaren has failed to allege with particularity *when* each of the alleged misrepresentations was made: "Plaintiff . . . fails to specify when she received/viewed Defendant's literature and web sites (whether an hour or six months before); when she heard the 'shore excursion talks;' or when Defendant's employees are alleged to have made the representations." (Mot. 14). In response, Plaintiff does not identify any allegations specifying the time each alleged misrepresentation was made.

While "Rule 9(b) must be read in conjunction with the liberal notice pleading standard of

---

[4] Plaintiff acknowledges that to the extent "Plaintiff has pled that the representations are found in the ticket contract, Plaintiff will concede that the Defendant does not make them in the ticket contract." (Resp. 9 n.4).

Fed. R. Civ. P. 8," *Flamenbaum v. Orient Lines, Inc.*, No. 03-22549-CIV, 2004 WL 1773207, at *6 (S.D. Fla. July 20, 2004), Plaintiff has nonetheless failed to specifically allege when each statement was made. *See Holguin*, 2010 WL 1837808, at *2; *Weitz v. Celebrity Cruises, Inc.*, 10-20267-CIV, 2010 WL 1882127, at *1 (S.D. Fla. May 11, 2010). Plaintiff cites several paragraphs in the Complaint, but none of these identifies when, specifically, Celebrity made the alleged misrepresentations. (*See* Resp. 9). As such, Plaintiff has failed to plead the alleged misrepresentations with particularity. *See Ziemba*, 256 F.3d at 1202 (requiring plaintiff to allege "the time and place of each such statement and the person responsible for making . . . same"). Therefore, Count Two is dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 24]** is **GRANTED in part** and **DENIED in part**. Count Two of the Complaint is **DISMISSED** without prejudice. Plaintiff has until May 22, 2012 to file an amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 16th day of May, 2012.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record